**MALNOVE INCORPORATED OF NEBRASKA, d/b/a Malnove, Incorporated, a Nebraska corporation, Plaintiff,**

**v.**

**HEARTHSIDE BAKING CO., INC., d/b/a Maurice Lenell Cooky Company, an Illinois corporation, Defendant.**

**No. 95 C 4861.**

United States District Court, N.D. Illinois, Eastern Division.

Jan. 29, 1997.

Jonathan A. Backman, Thomas A. Lidbury, Gould & Ratner, Chicago, IL, for plaintiff.

Gene H. Hansen, Aronberg Goldgehn Davis & Garmisa, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

DENLOW, United States Magistrate Judge.

The fat lady has sung! The trial court phase of this litigation is now over. Plaintiff is awarded attorney's fees and non-taxable costs in the amount of $28,568.58, plus taxable costs in the amount of $1,518.44. Defendant's Motion to Strike Plaintiff's Petition for Attorney's Fees is denied.

### I. BACKGROUND FACTS

This case began as a simple contract dispute arising out of the manufacture and sale of cookie boxes. The Court conducted a two-day bench trial on October 21 and 22, 1996. On October 31, 1996, the Court entered its Findings of Fact and Conclusions of Law ("Findings") and a separate judgment in favor of plaintiff, Malnove Incorporated of Nebraska, d/b/a Malnove Incorporated ("Malnove") and against defendant, Hearthside Baking Co., Inc., d/b/a Maurice Lenell Cooky Company ("Maurice Lenell") in the amount of $70,021.58, plus court costs and reasonable attorney's fees. The Court directed the parties to follow new Local Rules 46 and 47 regarding these issues. The Court set a status for January 16, 1997 and encouraged the parties to agree on the amount of attorney's fees and costs.

Malnove filed its petition for fees on November 27, 1996. On or about the same date, Malnove commenced collection proceedings on the judgment. This prompted a motion to quash the collection efforts and thereafter, Maurice Lenell posted a $110,000 bond to secure the judgment. The parties continued to exchange information attempting to reach agreement on the amount of fees and costs. On January 15, 1997, two and one-half months after the judgment, Maurice Lenell filed a Motion to Strike Plaintiff's Petition for Attorney's Fees asserting, for the first time, that attorney's fees were barred under Nebraska law as against public policy. Up until that motion, all parties had consistently argued that Illinois substantive law applied and the Court applied Illinois law in its decision. (Findings, ¶ 4).

On January 22, 1997, the parties agreed in open court that attorney's fees and non-taxable costs in the amount of $28,568.58 were reasonable and that $1,518.44 in taxable costs were proper. This agreement was without prejudice to Maurice Lenell's motion to strike. For the reasons stated below the motion to strike is denied.

### II. MAURICE LENELL WAIVED THE ARGUMENT THAT NEBRASKA LAW APPLIES

■ This case was tried under Illinois law in Illinois by Illinois lawyers, involving an order for boxes to be delivered in Illinois to an Illinois company. Malnove, in its trial brief, cited exclusively Illinois authorities. (Attached as Ex. A). Maurice Lenell, in its proposed conclusions of law, argued that "The substantive law of Illinois is to be applied to this dispute." (See Ex. B attached, p. 4). "Except for Malnove's location and manufacture of the boxes in Nebraska, all other contacts are with Illinois, a forum chosen by Plaintiff. Therefore, its law applies." (Id.) Maurice Lenell cited exclusively Illinois law. (Ex. B., pp. 4-9).

The parties having agreed to use Illinois substantive law, the Court expressly held that "Illinois substantive law governs this dispute." (Findings, ¶ 4). The parties agreed that the Court should apply Illinois law, without regard to the following terms of the acknowledgment: "All prices and terms of this agreement are made in the state of manufacture and all terms and provisions shall be construed under the laws of that state." (Pl. Trial Exhibit 3, ¶ 14). "Customer hereby submits to the jurisdiction of the courts of the state of manufacture, whose laws shall govern this agreement." (Id., ¶ 15).

■ Once the Court found that Maurice Lenell breached the contract, the Court held that Malnove was entitled to attorney's fees and costs pursuant to ¶ 15 of the acknowledgment which reads in relevant part as follows:

Customer to pay all expenses and fees for collection or enforcement hereof, including

attorney's fees of not less than twenty-five percent (25%) of customers account or a reasonable attorney's fees, whichever is greater, if account is placed with counsel. Under Illinois law, such a provision is clearly enforceable. *Pennsylvania Truck Lines, Inc. v. Solar Equity Corporation,* 882 F.2d 221, 227 (7th Cir.1989) ("the decision to award costs and attorney's fees pursuant to a contractual agreement lies within the sound discretion of the trial court.")

Maurice Lenell cannot try this case under Illinois substantive law and then complain two and one-half months after judgment that Nebraska law should have been applied. *Yates v. Doctor's Associates, Inc.,* 193 Ill. App.3d 431, 140 Ill.Dec. 359, 549 N.E.2d 1010 (1990)(where parties based their arguments regarding enforceability of a disputed arbitration provision exclusively upon Illinois law, the parties are deemed to have mutually waived Connecticut choice of law provision).

## III. CONCLUSION

■ Litigation is an expensive and sometimes frustrating method of resolving disputes. Litigation requires parties to make choices. The parties must bear the consequences of their choices. Here, the parties agreed to litigate under Illinois substantive law. Under Illinois law a contractual commitment to pay attorney's fees and costs is enforceable and lies within the sound discretion of the Court. Such an award is appropriate in order to make Malnove whole and because Maurice Lenell took an unreasonable position in refusing to advise Malnove of a reasonable delivery schedule, which left Malnove with no recourse but to file suit. (Findings, ¶ 18).

Judgment is entered in favor of plaintiff Malnove and against defendant Maurice Lenell in the additional sum of $28,568.58 for attorney's fees and non-taxable costs, plus $1,518.44 for taxable costs, for a total additional judgment of $30,087.02. Maurice Lenell's Motion to Strike Plaintiff's Petition for Attorney's Fees is denied.